IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                         No. CR 09-0075 JB

MANUEL ESCOBEDO-GUILLERMO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Objection to Presentence Investigation Report, filed March 17, 2009 (Doc. 18). The Court held a sentencing hearing on April 24, 2009. The primary issue is whether Defendant Manuel Escobedo-Guillermo's conviction for aggravated battery in violation of Kan. Stat. Ann. § 21-3414(a)(1)(B) is a crime of violence within the meaning of § 2L1.2 of the Sentencing Guidelines. Because the Court concludes that conduct such as poisoning, which does not involve the application of mechanical force, can violate § 21-3414(a)(1)(B), that provision does not proscribe a crime of violence. Accordingly, the Court will overrule the United States' objection.

**PROCEDURAL BACKGROUND**

On January 14, 2009, Escobedo-Guillermo pled guilty to violating 8 U.S.C. §§ 1326(a) and (b), unlawful re-entry of a removed alien. Under § 2L1.2 of the Sentencing Guidelines, a defendant who was deported or who unlawfully remained in the United States after a conviction for a crime of violence receives a 16-level enhancement to his or her base offense level. See U.S.S.G. § 2L1.2 (b)(1) & (b)(1)(A)(ii). Although Escobedo-Guillermo has a prior conviction for aggravated battery under Kan. Stat. Ann. § 21-3414(a)(1)(B), the author of the Presentence Investigation Report

("PSR") decided that the crime of violence enhancement did not apply and instead assessed a 4-level enhancement for a conviction "for any other felony." U.S.S.G. § 2L1.2(b)(1)(D). The United States has submitted an objection to the PSR. Contending that the PSR erred in this decision because the United States Court of Appeals for the Tenth Circuit has already addressed the statute at issue, the United States objects and asks that the Court apply the 16-level enhancement for crimes of violence. Escobedo-Guillermo disagrees and argues that conduct such as poisoning can violate the Kansas statute, rendering his conviction not categorically a conviction for a crime of violence.

## ANALYSIS

Courts use the categorical approach, which involves focusing on the elements of the offense rather than the underlying conduct, when determining whether a particular conviction is a crime of violence under § 2L1.2(b)(1)(D). See United States v. Yanez-Rodriguez, 555 F.3d 931, 944 (10th Cir. 2009). Comment note 1(B)(iii) of § 2L1.2's language regarding whether an offense has "as an element the use, attempted use, or threatened use of physical force against the person of another" in particular "demands an even narrower inquiry than generic offense enhancement provisions," United States v. Zuniga-Soto, 527 F.3d 1110, 1120 (10th Cir. 2008). Escobedo-Guillermo was convicted under Kan. Stat. Ann. § 21-3414(a)(1)(B), which defines aggravated battery as "intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." As the parties and the PSR seem to agree, this statute is divisible and can be violated either by "intentionally causing bodily harm to another person with a deadly weapon . . . ," or by "intentionally causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted." When a statute is divisible and it is not apparent under what subpart of the statute a defendant was convicted, a court may employ the modified categorical approach and resort to

certain reliable documents, such as charging documents or a plea agreement.  See United States v. Rooks, 556 F.3d 1145, 1148 (10th Cir. 2009).  None of the charging documents that the Court can consider under the modified categorical approach indicate which variation would apply here.  Accordingly, this subsection of the statute defines a crime of violence only if both ways in which the statute could be violated are crimes of violence.

At issue here is whether "intentionally causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted" is a crime of violence.  The United States contends that United States v. Treto-Martinez, 421 F.3d 1156 (10th Cir. 2005), has already answered the question.  As Escobedo-Guillermo correctly points out, however, in United States v. Treto-Martinez, it was conceded that § 21-3414(a)(1)(B) was a crime of violence.  See United States v. Treto-Martinez, 421 F.3d at 1159.  The Tenth Circuit's analysis therefore focused on § 21-3414(a)(1)(c), the statute other than § 21-3414(a)(1)(B) of which the defendant may have been convicted.  The Tenth Circuit determined that § 21-3414(a)(1)(c) was a crime of violence.  While the Tenth Circuit thus concluded "that either subsection of § 21-3414-(a)(1)(B) or (a)(1)(C)-supports a finding that a defendant committed a "crime of violence,'" United States v. Treto-Martinez, 421 F.3d at 1159, this conclusion was reached as a result of the agreement by all the parties that § 21-3414(a)(1)(B) was a crime of violence.

At the hearing, the United States argued that § 21-3414(a)(1)(c) contained the same language as § 21-3414(a)(1)(B) and thus, regardless of any concession, United States v. Treto-Martinez mandates that the Court treat § 21-3414(a)(1)(B) as a crime of violence.  Section 21-3414(a)(1)(c), however, includes as an element "causing physical contact," which provides an element which distinguishes the two subsections. More importantly, when discussing § 21-3414(a)(1)(c), the Tenth Circuit found that this causing physical contact language supplied the physical force element that

-3-

§ 2L1.2 of the Sentencing Guidelines requires and did not engage in an analysis whether a provision without such language -- like § 21-3414(a)(1)(B) -- would also be a crime of violence.[1] See United States v. Treto-Martinez, 421 F.3d at 1159.  Thus, while the Court, as a district court, must be careful to follow binding Tenth Circuit authority, after careful consideration of the language and procedural posture in United States v. Treto-Martinez, the Court concludes that it remains an open question after United States v. Treto-Martinez whether § 21-3414(a)(1)(B) is a crime of violence.

In addition to it being inappropriate to read United States v. Treto-Martinez as giving a holding on § 21-3414(a)(1)(B), the Tenth Circuit's jurisprudence has begun to more aggressively enforce the application of the categorical approach to crimes of violence in recent years.  In United States v. Maldonado-Lopez, 517 F.3d 1207 (10th Cir. 2008), for example, the Tenth Circuit reversed the district court's finding that a Colorado statute stating that a person commits harassment if "'with intent to harass, annoy, or alarm another person,' he '[s]trikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact'" was a crime of violence.  Id. at 1209 (quoting Colo.Rev.Stat. § 18-9-111(1)(a) (2007)).  The Tenth Circuit held that the statute was broad enough to cover conduct such as spitting on a person, which involved physical contact but not physical force, and was therefore not a crime of violence.  See United States v. Maldonado-Lopez, 517 F.3d at 1209.  Other recent cases from the Tenth Circuit have reached similar conclusions.  See, e.g., United States v. Zuniga-Soto, 527 F.3d at 1121, 1125 (recognizing that Tenth Circuit had recently deviated from applying the categorical approach as rigorously as law required, but holding that a

---

[1] That another circuit has held even § 21-3414(a)(1)(c) to not categorically be a crime of violence in its entirety gives the Court further reason to not translate the Tenth Circuit's decision about § 21-3414(a)(1)(c) to apply with the same force to § 21-3414(a)(1)(B).  See Larin-Ulloa v. Gonzales, 462 F.3d 456, 466-67 (5th Cir. 2006)(holding that portion of § 21-3414(a)(1)(c) proscribing physical contact "whereby great bodily harm, disfigurement or death can be inflicted," did not contain a physical force element).

strict categorical approach was proper and that "'intentionally, knowingly, or recklessly caus[ing] bodily injury to another" is not categorically a crime of violence); United States v. Ruiz-Rodriguez, 494 F.3d 1273, 1277 (10th Cir. 2007)(holding that false imprisonment effected "'under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury'" is not categorically a crime of violence). Considering the Tenth Circuit's recent reaffirming of the importance of a strict analysis of the elements of an offense in United States v. Maldonado-Lopez, it would be incorrect for the Court to find § 21-3414(a)(1)(B) to be categorically a crime of violence on the basis of what the Tenth Circuit said about § 21-3414(a)(1)(c) when, as the Court will explain, a strict analysis leads to the conclusion that § 21-3414(a)(1)(B) does not categorically require the use of physical force.

     Crimes of violence are crimes that are either particular enumerated crimes, none of which are relevant here, or crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Superficially, Kan. Stat. Ann. § 21-3414(a)(1)(B) sounds like it proscribes a crime of violence under this test: "intentionally causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted." The Tenth Circuit has held, however, that it is "mechanical impact that defines when force is physical" for the purpose of the residuary definition of crime of violence in § 2L1.2 of the Sentencing Guidelines. United States v. Rodriguez-Enriquez, 518 F.3d 1191, 1194 (10th Cir. 2008). Under this definition of physical force a person can intentionally poison another, causing great harm or death, without employing the kind of mechanical impact required to be a crime of violence. See id. Poisoning and similar actions would fit within the definition of "intentionally causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted." Kan. Stat. Ann. § 21-3414(a)(1)(B). In light

of United States v. Rodriguez-Enriquez, that portion of § 21-3414(a)(1)(B) is not categorically a crime of violence.  Section 21-3414(a)(1)(B) as a whole is therefore not a crime of violence.  And given the state of the charging documents, Escobedo-Guillermo's conviction under § 21-3414(a)(1)(B) is thus not for crime of violence.  The United States Probation Office's interpretation in the PSR is correct and the Court will overrule the United States' objection.

**IT IS ORDERED** the United States' Objection to Presentence Investigation Report is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Paige Messec
Holland S. Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Kirtan K. Khalsa
Khalsa Law Office
Albuquerque, New Mexico

   *Attorneys for the Defendant*